OPINION OF THE COURT
Karen Morris, J.
Defendant is charged with speeding and seeks dismissal of the charge due to allegedly inadequate speed limit signs. A trial was held and defendant appeared pro se.
Testimony Presented by the People
*842 Officer Bedet of the Brighton Police Department testified as follows. On April 20, 2000, he noticed defendant’s white Dodge northbound traveling in the 700 block of Edgewood Avenue at an excessive rate of speed; he made a visual estimate of defendant’s speed as 50 miles per hour; the officer then utilized a calibrated radar device which confirmed that the car was traveling at 50 miles per hour (MPH); the officer stopped defendant’s vehicle; defendant apologized for his speed and said he was not paying as much attention to his driving as he should have been; the officer asked if defendant knew the speed limit; defendant said it was 35 MPH; in fact, the speed limit was 30 MPH; signs were posted for 30 MPH.
Defendant’s Testimony
Defendant testified that he researched the sufficiency of the speed limit signs and believes they are inadequate; the signs on Edgewood Avenue read “speed limit 30”; he argued that Edgewood Avenue is an “area speed limit” zone and so the signs should read “area speed limit 30” or “town speed limit 30.”
To support his position defendant submitted relevant sections of the New York State Department of Transportation Manual of Uniform Traffic Control Devices (17 NYCRR 200.1 et seq.; hereinafter Manual). It describes an area speed limit as “one which applies to all highways within a specified area, except those specifically excluded. The area may be an entire municipality, or only a portion thereof.” (Manual [17 NYCRR] § 212.1 [b] [2].) An area speed limit is distinguished from a “linear speed limit” in that the latter “applies along a particular highway or along a portion of a particular highway.” (Manual [17 NYCRR] § 212.1 [b] [1].)
For linear speed zones, the Manual requires that a three-line speed sign be utilized. The first line should read speed; the second line, limit; and the third line contains the numerical speed limit. (Manual [17 NYCRR] § 212.3 [a] [1].) For area speed zones that involve only a portion of a municipality, the sign per the Manual should be four lines. Three are identical to the linear sign. The additional line is the first, which should state area. (Manual [17 NYCRR] § 212.3 [a] [3].) If the area speed zone is essentially townwide, the sign should be four lines similar to the area sign but the first line would read town rather than area. (Manual [17 NYCRR] § 212.3 [a] [4].)
Attempting to identify the status of the 700 block of Edge-wood Avenue, defendant submitted a letter from Larry R. Sherman, Regional Traffic Engineer of the New York State *843 Department of Transportation, stating in relevant part that the town speed limit used to be 35 MPH and was changed to 30 MPH.
Officer Bedet was recalled to the stand. He testified that the town speed limit used to be 35 MPH but was changed approximately one year ago to 30 MPH.
The Town Code does not contain a town speed limit.
Defendant argues, based on the cited section of Sherman’s letter and Officer Bedet’s testimony, that the 30-MPH speed zone on Edgewood Avenue is either a town zone or an area zone, and therefore the speed limit signs should read “town speed zone 30” or “area speed zone 30.” Traffic Engineer Sherman’s letter did not opine on what the sign should say.
Discussion and Decision
Pro se defendant is to be credited for his research on this issue. He has enlightened the court about what I dare say is a little-known requirement about speed signs.
Speed limits in zones other than 55 MPH must be posted. (Vehicle and Traffic Law § 1683 [a] [15].) The signs need not comply exactly with rules of the Department of Motor Vehicles. Instead, “approximate conformity” is the requirement. (Vehicle and Traffic Law § 1110 [c]; People v Bradfute, 49 Misc 2d 1092 [Westchester County Ct 1966].)
I find that the three-line speed signs on Edgewood Avenue approximately conform to the requirements of the law. Assuming, arguendo, that “Town” or “Area” was required, the existing three-line signs fulfilled their designated function.
The primary purpose of speed signs is to inform the motoring public of the legal speed limit. Notice is required for purposes of due process — to prevent drivers from being ticketed for violations about which they have not been advised. Notice to the motoring public of the applicable speed limit furthers traffic safety. The limit on any given stretch of roadway is established based upon legislators’ determination of what constitutes a safe speed limit after considering the circumstances of each roadway. If motorists comply with the limits, the roads will presumably be safer than if the limits are exceeded.
The signs which defendant protests arguably deviate from exact compliance with DMV regulations by omitting the word “Area” or “Town.” However, the three-line signs fulfill their primary function of informing the public of the applicable permissible speed limit. I thus find that the signs in issue approximately conform to the requirements of the DMV and *844 therefore are valid. Defendant’s motion to dismiss is denied.
Based on Officer Bedet’s testimony, I find defendant guilty of traveling 50 miles per hour in a 30-mile-per-hour zone.